**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

RUMPH & ASSOCIATES, P.C.
*Plaintiff*,

v.

PM CONSULTING GROUP, LLC d/b/a
VISTANT, LLC
*Defendant.*

Civil Action No. ELH-25-01293

**MEMORANDUM AND ORDER**

On April 22, 2025, plaintiff Rumph & Associates, P.C. ("Rumph") filed suit against defendant PM Consulting Group, LLC d/b/a Vistant, LLC ("Vistant"), alleging breach of contract. ECF 1 ("Complaint"). In the Complaint, plaintiff alleged that because of Vistant's breach, Rumph has suffered damages in an amount in excess of $2,000,000.00. *Id.* ¶ 17.

The Clerk of Court issued a summons for Vistant. ECF 2. On May 2, 2025, Rumph submitted to the Court proof that on May 1, 2025, its process server, Joseph Sneddon, served summons on Patty Grindlesberger, "who is designated by law to accept service of process on behalf of" Vistant. ECF 5 ("Proof of Service"). The Proof of Service indicates that Grindlesberger is a paralegal for Northwest Registered Agent Service, Inc., which is Vistant's registered agent. *Id.* But, Vistant failed to respond to the suit. *See* Docket.

Thereafter, on June 12, 2025, Rumph moved for an "Order Of Default." ECF 7. The Clerk entered an order of default that day, pursuant to Fed. R. Civ. P. 55(a). ECF 8.

The docket reflects that the Clerk of Court sent a "Notice Of Default" to Vistant on the same date. ECF 9. The Clerk of Court notified Vistant that "an order of default was entered" against it and that Vistant had thirty days from the date of the notice to "file a motion to vacate the order of default." *Id.* The notice also warned that if Vistant did "not take action" the Court would

"act promptly on any pending motions for entry of default judgment, which may result in a monetary judgment against" Vistant. *Id.*

According to the docket text, a copy of the Notice of Default was "mailed to Defendant at [the] address listed on [the] summons and to Defendant's registered agent" on June 12, 2025. *See* Docket. The Summons listed the following addresses for Vistant, ECF 2:

> PM Consulting Group, LLC d/b/a Vistant, LLC
> 100 West Road, Suite 300, Townson [sic], MD 21204;[1] and
>
> Northwest Registered Agent Service, Inc.
> 5000 Thayer Center, Suite C
> Oakland, MD 21550

Thereafter, on August 29, 2025, Rumph moved for default judgment against Vistant, pursuant to Fed. R. Civ. P. 55(b)(2) (ECF 14), supported by a memorandum (ECF 14-1) (collectively, the "Motion"). Plaintiff also submitted eleven exhibits. ECF 14-2 to ECF 14-12. Rumph seeks damages of $129,774.79 for unpaid invoices associated with work that Rumph performed for Vistant, and $1,556,093.52 in lost profits associated with workshare that Rumph claims it was contractually entitled to receive from Vistant. ECF 14 at 1. Rumph also requests $37,313.27 in attorneys' fees and costs. *Id.*

While working on the Motion, I noted that Todd M. Reinecker, Rumph's attorney, filed a Certificate of Service representing that he "electronically filed a copy of the foregoing [Motion] with the Court's CM/ECF system." ECF 14 at 3. But, as the procedural history of this case makes clear, Vistant has never entered an appearance in this case. Therefore, Vistant would not receive

---

[1] Townson is not a town in Maryland. Therefore, I assume that this is a typographical error and that the correct address for Vistant's business is Towson, Maryland. Because Rumph completed service for Vistant by serving its registered agent, Northwest Registered Agent Service, Inc., whose address is in Oakland, Maryland, the typographical error did not interfere with service on Vistant. *See* ECF 2; ECF 5.

notice of the electronic filing of the Motion. Nowhere in the Motion does Rumph state that it provided Vistant with a copy of its Motion at the addresses that appear in the record.

Rule 55(b) of the Federal Rules of Civil procedure governs default judgment. In particular, Rule 55(b)(1) provides that the clerk may enter a default judgment if plaintiff's claim is "for a sum certain or a sum that can be made certain by computation." But, "[a] plaintiff's assertion of a sum in a complaint does not make the sum 'certain' unless the plaintiff claims liquidated damages; otherwise, the complaint must be supported by affidavit or documentary evidence." *Monge v. Portofino Ristorante*, 751 F. Supp. 2d 789, 794 (D. Md. 2010) (Grimm, M.J.).[2]

Rule 55(b)(2) states, in part: "In all other cases, the party must apply to the court for a default judgment." In *Aleman v. Marroquin*, GLR-23-2475, 2025 WL 2050959, at *2 (D. Md. July 22, 2025), the court explained: "If, after entry of default, the Plaintiff's complaint does not specify a sum certain amount of damages, the court may enter a default judgment against the defendant pursuant to Rule 55(b)(2)." (Internal quotation marks omitted).[3]

Default judgment "'is appropriate when the adversary process has been halted because of an essentially unresponsive party.'" *Garnier-Thiebaut, Inc. v. Castello 1935 Inc.*, SDT-17-3632, 2019 WL 6696694, at *1 (D. Md. Dec. 6, 2019) (Thacker, J.) (quoting *Int'l Painters & Allied Trades Indus. Pension Fund v. Cap. Restoration & Painting Co.*, 919 F. Supp. 2d 680, 684 (D.

---

[2] Judge Grimm authored *Monge* when he served as a United States Magistrate Judge. He served as a United States District Court Judge until he retired in December 2022.

[3] Rule 55(b)(2) also provides that the court "may conduct hearings or make referrals-- preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter."

Md. 2013)); *see Lawbaugh*, 359 F. Supp. 2d at 421.[4]  In the event of an order of default, all factual allegations in the complaint are deemed admitted, except those pertaining to damages. *See* Fed. R. Civ. P. 8(b)(6); *see also Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (stating that by virtue of defendant's default, the court accepts as true the well pleaded factual allegations in the complaint as to liability); *United States v. Bob Bakers Golden Servs. Inc.*, PX-22-191, 2023 WL 3304897, at *2 (D. Md. May 8, 2023).

Nevertheless, the court must determine whether the undisputed factual allegations constitute a legitimate cause of action. *See Ryan*, 253 F.3d at 780–81.  If the court is satisfied that liability has been established, it must then determine the appropriate amount of damages.  *Bob Bakers Golden Servs. Inc.*, 2023 WL 3304897, at *2.

Of import here, allegations "relating to the amount of damages" are not deemed admitted based on a defendant's failure to respond to a suit.  Fed R. Civ. P. 8(b)(6); *see Monge*, 751 F. Supp. 2d at 794; *Trustees of the Elec. Welfare Trust Fund v. MH Passa Elec. Contracting, Inc.*, DKC-08-2805, 2009 WL 2982951, at *1 (D. Md. Sept. 14, 2009) ("Upon default, the well-pled allegations in a complaint as to liability are taken as true, although the allegations as to damages are not."); *Pentech Fin. Servs., Inc. v. Old Dominion Saw Works, Inc*., NKM-09-0004, 2009 WL 1872535, at *1 (W.D. Va. June 30, 2009) ("Upon default judgment, Plaintiff's factual allegations are accepted as true for all purposes excluding determination of damages.").  Therefore, the court

---

[4] It is well established that the Fourth Circuit has a "strong policy favoring the disposition of cases on the merits . . . ." *Rangarajan v. Johns Hopkins Univ.*, 917 F.3d 218, 229 (4th Cir. 2019) (discussing *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 462 (4th Cir. 1993)), *cert. denied*, 588 U.S. 909 (2019); *see Projects Mgmt. Co. v. Dyncorp Int'l LLC*, 734 F.3d 366, 376 (4th Cir. 2013); *Benchmark Ins. Co. v. Total Remodeling Contractor LLC*, LKG-25-00811, 2026 WL 319051, at *3 (D. Md. Feb. 6, 2026).

must make an independent determination regarding allegations as to damages. *See Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 154 (2d Cir. 1999).

In so doing, the court may conduct an evidentiary hearing. Fed. R. Civ. P. 55(b)(2). However, the court may also make a determination of damages without a hearing, so long as there is an adequate evidentiary basis in the record to support an award of the requested damages. *See Adkins v. Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001) ("[T]he court may rely on detailed affidavits or documentary evidence to determine the appropriate sum."); *see also Trs. of the Nat'l Asbestos Workers Pension Fund v. Ideal Insulation, Inc.*, ELH-11-832, 2011 WL 5151067, at *4 (D. Md. Oct. 27, 2011) (determining that, in a case of default judgment against an employer, "the Court may award damages without a hearing if the record supports the damages requested"); *Monge*, 751 F. Supp. 2d at 795 (same); *Pentech Fin. Servs., Inc.*, 2009 WL 1872535, at *2 (concluding that there was "no need to convene a formal evidentiary hearing on the issue of damages" after default judgment because plaintiff submitted affidavits and records establishing the amount of damages); *JTH Tax, Inc. v. Smith*, Case 2:06-cv-76, 2006 WL 1982762, at *3 (E.D. Va. June 23, 2006) ("If the defendant does not contest the amount pleaded in the complaint and the claim is for a sum that is certain or easily computable, the judgment can be entered for that amount without further hearing.").

In any event, pursuant to Fed. R. Civ. P. 54(c), "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." *See In re Genesys Data Techs., Inc.*, 204 F.3d 124, 132 (4th Cir. 2000) ("When a complaint demands a specific amount of damages, courts have generally held that a default judgment cannot award additional damages."). This is meant to enable the defendant to decide whether to expend the resources to defend the action. *Monge*, 751 F. Supp. 2d at 796.

To be clear, despite entry of an order of default judgment, a defendant may contest the amount the plaintiff seeks in damages. *See Buchannon v. Associated Credit Servs., Inc.,* RTB-20-02245, 2021 WL 5360971, at *10 (S.D. Cal. Nov. 17, 2021) ("[D]efault may establish liability but does not qualify as an admission on damages. There are many instances where a defendant may want to reduce attorney's fees and costs by admitting liability but challenge damages, and preventing a defendant from doing so would not serve the interests of judicial economy.").

Here, the record does not reflect that plaintiff made any attempt to notify Vistant of the Motion. If successful, the award of damages would total nearly two million dollars. It may be that Vistant does not intend to challenge the damages that Rumph seeks in its Motion. However, without service of the Motion on Vistant, defendant has not been afforded the opportunity to make an informed decision. Therefore, this Court cannot proceed to consider the Motion in its current posture.

Accordingly, I shall deny the Motion (ECF 14), *without prejudice*. and with the right to renew it, subject to the following: By **March 30, 2026**, Rumph is directed to serve or attempt to serve Vistant with a copy of the Motion and its exhibits, along with a copy of this Memorandum and Order, at the addresses contained in the record, as corrected:

> PM Consulting Group, LLC d/b/a Vistant, LLC
> 100 West Road, Suite 300, Towson, MD 21204; and

> Northwest Registered Agent Service, Inc.
> 5000 Thayer Center, Suite C
> Oakland, MD 21550

Upon service or attempted service, Rumph's counsel or designee shall file an affidavit with the Court, confirming service or the efforts to serve Vistant with the above referenced documents. And, Rumph may renew its Motion within fourteen days of the filing of the aforementioned affidavit.

It is so **ORDERED**, this 26th day of February, 2026.

/s/
Ellen Lipton Hollander
United States District Judge
